## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, New Jersey 07102-5311
Tel: (973) 642-1900
Attorneys for Defendant
Home Depot U.S.A., Inc.

|  |  |
|---|---|
| JADA FITZGERALD | |
| Plaintiff, | Civil Action No: 23-cv-_____(__)(__) |
| *vs.* | |
| THE HOME DEPOT, JOHN DOES A-Z, | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant Home Depot U.S.A., Inc., improperly identified in the caption as "The Home Depot" ("Home Depot"), by its attorneys, Epstein Becker & Green, P.C., respectfully removes this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction. Pursuant to Local Civil Rule 10.1, Home Depot maintains its principal place of business at 2455 Paces Ferry Road N.W., Atlanta, Georgia. Plaintiff Jada Fitzgerald ("Plaintiff") is, as alleged in the unnumbered paragraph before Paragraph 1 of her Superior Court Complaint, a resident of Newark, New Jersey. The grounds for removal are as follows:

**The State Court Action**

1.      Plaintiff, who resides in Newark, New Jersey, commenced the current action against Home Depot on November 30, 2023, by filing a Complaint with the Superior Court of New Jersey, Law Division, Essex County, entitled "*Jada Fitzgerald v. The Home Depot, John Does A-Z*," Docket No. ESX-L-007792-23 (the "State Court Action").  A true copy of the Complaint is attached hereto as Exhibit A.

2.      Home Depot is the only non-fictitious defendant named in the State Court Action, and appears specially and without waiver of any jurisdictional defenses.

3.      On December 5, 2023, Plaintiff's counsel, Jeffrey M. Advokat, Esq., forwarded to Home Depot's undersigned counsel, by electronic mail, copies of the Complaint, Civil Case Information Statement, and Track Assignment Notice.  True copies of the Complaint, Civil Case Information Statement, and Track Assignment Notice are attached hereto as Exhibit B.

4.      Home Depot's undersigned counsel, on behalf of Home Depot, accepted service of the Complaint, Civil Case Information Statement, and Track Assignment Notice effective December 5, 2023.  At the request of Plaintiff's counsel, I executed an Acknowledgment of Service, dated December 5, 2023.  A true copy of the Acknowledgment of Service is attached hereto as Exhibit C.

5.      The parties have agreed that service of the Complaint is effective December 5, 2023.

6.      The Complaint, Civil Case Information Statement, and Track Assignment Notice, constitute all process and pleadings received by Home Depot to date in this action.

7.      Home Depot has not yet answered the Complaint and the time to file an Answer has not yet expired.

8.      This Notice of Removal is being filed within 30 days of receipt of the Complaint through acceptance of service upon Home Depot on December 5, 2023, and is timely filed pursuant to 28 U.S.C. §1446(b).

9.      Venue for civil cases in Essex County, where the State Court Action was filed, lies in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1446(a).

10.     Pursuant to 28 U.S.C. §1446(d), Home Depot will file a Notice of Filing of Notice of Removal, a copy of which is annexed hereto as Exhibit D, and a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, through the Superior Court of New Jersey's Electronic Filing System.

11.     Home Depot will provide written notice to opposing counsel via service of the Notice of Filing of Notice of Removal and a copy of this Notice of Removal, pursuant to 28 U.S.C. §1446(d), and will comply with all other procedural mandates applicable to this Notice of Removal.

12.     Plaintiff's Complaint consists of nine counts alleging: (1) wrongful discharge in violation of company policy (Count One); (2) wrongful discharge in violation of public policy (Count Two); (3) wrongful termination in breach of implied employment contract (Count Three); (4) breach of duty proximately causing damage (Count Four); (5) breach of employee manual (Count Five); (6) breach of covenant of good faith and fair dealing (Count Six); (7) retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA") (Count Seven); (8) discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD") (Count Eight); and (9) punitive damages claim (Count Nine). Plaintiff further alleges that as a result of Defendant's conduct, she has suffered damages, including damages for emotional distress,

FIRM:63208389v1

punitive damages, attorneys' fees, interest and such other relief as the Court deems appropriate. (Complaint, ¶¶ 54, 55, 56; Wherefore Clauses following Counts One through Nine).

13.    This action may be removed from the Superior Court of the State of New Jersey to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint raises claims over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

14.    By filing this Notice of Removal, Home Depot does not waive any defenses which may be available to it.

**The Basis for Removal**

15.    This Court has original jurisdiction over this action under 28 U.S.C. §1332(a), and this action may be removed by Home Depot pursuant to 28 U.S.C. §1441, because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.    There is complete diversity of citizenship between the Plaintiff and Defendant in this action.

      a.    In her Complaint, Plaintiff alleges that she is a resident of the State of New Jersey.  Thus, Plaintiff is a citizen of New Jersey.  (Complaint, Introductory Paragraph).

      b.    Defendant Home Depot U.S.A., Inc., is a citizen of states other than New Jersey within the meaning of 28 U.S.C. §1332(c)(1), because it is now, and was at the time this action commenced, a corporation incorporated under and by the laws of the State of Delaware, with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia.

17.    The amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interests and costs.

    a.    By reason of the factual allegations of the Complaint, the nature of the claims asserted by Plaintiff, and the relief she has requested, it appears to a reasonable probability that the claims exceed the sum or value of $75,000, exclusive of interest and costs.

    b.    Plaintiff alleges that she was subjected to adverse employment actions and treated unlawfully, and then wrongfully discharged from her employment with Home Depot and retaliated against in violation of the NJLAD and CEPA. Based on these claims, Plaintiff seeks judgment against Home Depot for compensatory damages, including damages for emotional distress, punitive damages, attorneys' fees, interest and such other relief as the Court deems appropriate. (Complaint, ¶¶ 54, 55, 56; Wherefore Clauses).

    c.    Plaintiff is entitled to pursue damages for alleged emotional distress damages under the NJLAD and CEPA. *See, e.g., Catalane v. Gilian Instrument Corp.,* 271 N.J. Super. 476, 499 (App. Div. 1994) (recognizing right to compensatory damages for emotional distress in NJLAD discrimination claim); *Battaglia v. United Parcel Service, Inc.,* 214 N.J. 518, 552 (2013) (CEPA "permit[s] the recovery of an award of damages for emotional distress"). The Supreme Court of New Jersey has held that damages for emotional distress in a discrimination case falls within a wide spectrum of acceptable outcomes, and will not be reduced unless the award is "so patently excessive, so pervaded by a sense of wrongness, that it shocks the judicial conscience." *Cuevas v. Wentworth*

*Group*, 226 N.J. 480 (2016) (affirming emotional distress damages award to two plaintiffs of $800,000 and $600,000, respectively).

    d.   Under the NJLAD and CEPA, if successful, Plaintiff also would be entitled to punitive damages. *See Green v. Jersey City Board of Education*, 177 N.J. 434, 437 (2003) ("punitive damages may be awarded under CEPA"). Punitive damages are included when calculating the amount in controversy required for diversity jurisdiction. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Hoffman v. Pharmacare US Inc*., No. 17-3540, 2017 WL 6758444, at \*3 (D.N.J. Dec. 14, 2017) ("For the purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law."). Given the nature of his claims and the damages he seeks, it appears with a reasonable degree of certainty that Plaintiff's claims exceed $75,000.00.

18.    By reason of the above, the State Court Action is removable from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. §1441(a) because the Complaint raises claims over which this Court has original jurisdiction under 28 U.S.C. §1332(a).

6

WHEREFORE, Home Depot respectfully removes the State Court Action now pending in the Superior Court of New Jersey, Law Division, Essex County, to this Court.

DATED:  January 2, 2024

By:   *s/Patrick G. Brady*
                  Patrick G. Brady, Esq.
                  Epstein Becker & Green, P.C.
                  One Gateway Center
                  Newark, New Jersey 07102
                  (973) 642-1900
                  pbrady@ebglaw.com
                  Attorneys for Defendant
                  Home Depot U.S.A., Inc.

FIRM:63208389v1

# Exhibit A

ADVOKAT & ROSENBERG, ESQS.
Attorneys At Law
22 North Park Place
Morristown, New Jersey 07960-7102
Jeffrey M. Advokat, Esq.
Attorney ID: 007051981
(973) 993-1923
Attorneys for Plaintiff

|  |  |
|---|---|
| JADA FITZGERALD, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ESSEX COUNTY DOCKET NO: |
| Plaintiff, : | |
| vs.                 : | Civil Action |
|                     : | |
|                     : | |
| THE HOME DEPOT,     : | **COMPLAINT, DEMAND FOR** |
| JOHN DOES A-Z,      : | **JURY TRIAL & DESIGNATION** |
|                     : | **OF TRIAL COUNSEL,** |
|                     : | **CERTIFICATION** |
| Defendants.         : | |

Plaintiff, Jada Fitzgerald, of 51 Demarest Street, Newark, New Jersey, by way of Complaint against the Defendant(s), states as follows:

## FACTS ALLEGED AS TO ALL COUNTS

1. The Defendant(s), Home Depot in Vaux Hall, New Jersey, as employer, hired the Plaintiff, an employee.

2. Soon thereafter, on or about September 10, 2022, the Defendant(s) terminated the Plaintiff's employment.

3. The termination of the Plaintiff was wrongful.

4. As a direct and proximate result of said termination, the Plaintiff suffered damages.

5. Specifically, the Defendant(s) subjected the Plaintiff to adverse employment actions, and treated the Plaintiff unlawfully.

6. The Defendant(s) owed the Plaintiff a duty that was breached causing damages to the

1

Plaintiff.  Defendant(s) breached its duty towards the Plaintiff.

7. The Defendant(s) utilized a contract (e.g. a manual for example) that provided certain rights and benefits which were breached causing damages to the Plaintiff. Defendant(s) breached its employee manual and/or contract.

8. The Defendant(s) failed to act in a good faith and/or dealt unfairly with the Plaintiff. Defendant(s) exercised bad faith against public policy and/or company policy towards the Plaintiff.

**COUNT I**

**WRONGFUL DISCHARGE IN VIOLATION OF COMPANY POLICY**

9. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

10. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations.  The process used for Plaintiff' terminations was in violation of her employment rights, in particular, in violation of company policies, including, but not limited to, warnings and improvement opportunities before termination.  The Plaintiff did not receive any verbal or written disciplines.

11. An employer who fires an employee

12. in violation of a pervasive company policy

13. is liable to the employee for lost wages,

14. provided the employee reasonably expected that the policy would be enforced uniformly and fairly.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and other relief as the court deems just and proper.

## COUNT II

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

15. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

16. In addition to other facts, the Plaintiff further alleges that during the period of employment there were points at which the Plaintiff was conflicted with what was ethically correct, as opposed to what was being required by the Defendant(s).  The credibility of the Defendant(s) began to be challenged by customers.  Additional improper and potentially unethical practices that the Plaintiff was expected to utilize included improper handling customers, which ultimately had a negative effect on certain customers and hurt the reputation of the Plaintiff.

17. A private employer who fires an employee

18. in retaliation directly relating to the employee's resistance to or disclosure of the employer's illicit conduct, or based on the employee's exercise of certain established rights

19. in violation of a clear mandate of public policy from such sources as the United States and New Jersey Constitutions, federal and state laws and administrative rules, regulations, and decisions, the common law, specific judicial decisions, and in certain cases professional codes of ethics,

20. such as firing an employee for making or attempting to make a claim for workers' compensation

21. or reporting an employer's violation of an Occupational Heath & Safety Administration (OSHA) regulation, and/or reporting to other authorities,

22. is liable to the employee for compensatory and punitive damages,

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT III

## EMPLOYER'S WRONGFUL TERMINATION OF EMPLOYEES

23. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

24. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations. The process used for Plaintiff's termination was in violation her employment rights, in particular in violation of employment contracts or without just cause, before termination.

25. an employer who fires an employee

26. in violation of an employment contract or without just cause

27. is liable to the employee for damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s)for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

6

## COUNT IV

### BREACH OF DUTY PROXIMATELY CAUSING DAMAGE

28. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

29. In addition to other facts, the Plaintiff was accused numerous times of engaging in activities which undermined the Defendant(s)' authority, Specifically, Plaintiff was accused of interjecting improper comments. The Plaintiff on a number of occasions had her role/responsibilities suddenly downgraded.

30. Anyone owing another a duty,

31. such as:

   a. a duty created by statute establishing a certain standard of conduct in order to prevent the foreseen danger, or

   b. a duty grounded in the natural responsibilities of societal living and human relations recognized by reasonable persons,

32. who breaches that duty

33. is liable to the other for the other's damages,

34. including nominal damages,

35. proximately caused by the wrongdoer's negligence.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

7

## COUNT V

### EMPLOYER BREACH OF EMPLOYEE MANUAL

36. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

37. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations. The process used for Plaintiff's terminations was in violation of their employment rights, in particular in violation of an employee manual, before termination.

38. An employer of a substantial number of employees

39. who circulates a manual that provides certain benefits incident to employment, e.g., job security provisions,

40. is liable to the employee in damages for breach of contract for violating the terms of the manual, such as lost earnings due to wrongful firing,

41. unless the manual prominently and unmistakably indicates that those provisions shall not be binding or where there is similar proof that the employer intended not to be bound.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT VI

### EMPLOYER'S BAD FAITH AGAINST EMPLOYEE

42. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

43. In addition to other facts, the Defendant(s) wrongfully engaged in the following. Termination severance package was not fair, inappropriate, unreasonable, and based on bad faith. Company expectations and requirements were beyond contractual requirements and unreasonable.

44. An employer,

45. who fails to act in good faith or deals unfairly with an employee,

46. with regard to an implied contract, such as a termination procedure found in an employee manual reasonably understood by the employee to create binding duties and obligations between the employer and employee,

47. is liable to the employee for monetary damages

48. proximately caused by the breach of the implied covenant of good faith and fair dealing.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT VII

### EMPLOYER RETALIATION AGAINST EMPLOYEE

### (CONSCIENTIOUS EMPLOYEE PROTECTION ACT)

49. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

50. One example of Defendant(s)' CEPA violations was as follows.

51. An employer who takes any retaliatory action against an employee who was

52. Harboring a deep-rooted fear that her livelihood would be taken away for speaking out against her employer's activities, policies, or practices, and if such action is taken by the employer

53. Because the employee either:

   a. (i) disclosed or threatened to disclose to a supervisor or public body an activity, policy, or practice of the employer, or another employer with whom there is a business relationship, (ii) objectively reasonably believed to be unlawful, fraudulent or criminal,

   b. Provided information to a public body investigating the employer or another employer with whom there is a business relationship, for possible unlawful conduct, or

   c. (i) objected to any activity, policy or practice which the employee (ii) objectively reasonably believed to be unlawful, fraudulent, criminal, or against a clear mandate of public policy,

   d. Reported violent incidents as a health care worker, or

   e. Refuses to perform a patient handling task due to a reasonable concern about

worker or patient safety as a health care worker.

54. must (a) reinstate the employee and is liable in tort for compensatory damages and attorney's fees, (b) including damages for emotional distress,

55. and punitive damages in the event of actual participation by upper management or willful indifference,

56. but the employer may seek attorney's fees if the claim is without basis in law or fact, and not voluntarily dismissed within a re4aosnable time after exercising reasonable and diligent efforts after filing suit in determining that the employer would not be found liable for damage.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT VIII

## LAW AGAINST DISCRIMINATION

57. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

58. Subject to an absolute or qualified defamation privilege,

59. any person committing an unlawful discrimination or an unlawful employment practice against (a) another or (b) his or her functional equivalent closely associated with that member of a protected class, or

60. anyone aiding, abetting, inciting, compelling, or coercing the same,

61. in violation of N.J.S.A. 10:5-12.1. et. seq.;

62. is liable for damages,

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT IX

### PUNITIVE DAMAGES DUE FROM TORTFEASOR

63. Plaintiff repeats each and every previous allegation and incorporate same within this Count.

64. As explained earlier, the Defendant(s) have committed a tort against the Plaintiff which was done maliciously (ie: as retaliation and without just cause) and against public policy and against the law.  The Defendant(s) acts were in complete disregard to the rights of the Plaintiff as outlined previously within this Complaint.

65. Anyone committing a tort against another is liable

66. for reasonable

67. and justifiable punitive damages,

68. provided the harm suffered was the result of the Plaintiff's acts or omissions, and

69. such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions, and

70. compensatory damages have already been awarded

71. but punitive damages shall not be greater than $350,000 or 5 times compensatory damages, except in cases of civil liability for bias crimes, N.J.S.A. 2A:53A-21, et seq., liability for discrimination, N.J.S.A. 10:5-1, et seq., liability for AIDS disclosure, N.J.S.A. 26:5C-5, et seq., liability for sex abuse of a minor, N.J.S.A. 2A:61B-1, liability under the Conscientious Employee Protection Act, N.J.S.A. 34.19-1, et seq., or in cases in which a defendant has been convicted of murder, N.J.S.A. 2C:11-3 manslaughter, N.J.S.A. 2C:11-4, driving while intoxicated ,

N.J.S.A. 39:4-50, refusal to submit to a breathalyzer test, N.J.S.A. 39:40-50.4a, or the

equivalent under the laws of any other jurisdiction,

72. and the wrongdoer's employer is vicariously liable for the punitive damages either:

    a.  if the employer specifically authorized, participated in, or ratified the

       wrongful act, or

    b.  its employee who committed the wrongful act or authorized or ratified the

       wrongful act was so high in authority as to be fairly considered executive in

       character.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all

damages, including punitive damages, cost of suit, interest, and suit other relief as the court

deems just and proper

ADVOKAT & ROSENBERG, ESQS.
Attorneys for Plaintiff

JEFFREY M. ADVOKAT, ESQ.

DATED: 11/30/23

14

**JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

In accordance with Rule 4:25-4, you are hereby notified that JEFFREY M. ADVOKAT, ESQ., is assigned to try this case.

**CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7**

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(b).

**REQUEST FOR ALLOCATION**

If any party settles prior to trial, Plaintiff will seek an allocation of the percentage of negligence by the fact finder against the settling party. Plaintiff will seek this allocation, whether or not they have formally filed a cross-claim against the settling party.  Plaintiff shall rely upon the material produced in discovery and the evidence introduced at trial in support of the allegations.  You are being apprised of our intent in this regard pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

Furthermore, Plaintiff hereby advise of its intent to seek an allocation of the percentage of negligence by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the alleged incident or claims of injury/damages whether or not such tortfeasors have been joined as parties to this action, and that this shall constitute Plaintiff's "fair and timely" notice of such intention to all parties, pursuant to the  principles set forth in Young v. Latta, 123 N.J. 584 (1991); Bolz v.

Bolz, 400 N.J. Super. 154 (App. Div. 2008; Jones v. Morey's Pier, Inc. 230 N.J. 142 (2017);

Krzykalski v. Tindal, 2018 N.J. LEXIS 484, and similar cases interpreting the Comparative

Negligence Act N.J.S.A. 2A:15-5.1 et seq. and the Joint Tortfeasor Contribution Law N.J.

S.A. 2A:53A1 et seq.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the

subject of any other current action pending in any other court or of a pending arbitration

proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other

action or arbitration proceeding is contemplated. Further, other than the parties set forth in

this pleading, I know of no other parties that should be joined in the above action. In

addition, I recognize the continuing obligation of each party to file and serve on all parties

and the Court an amended certification if there is a change in facts stated in this original

certification.

## CERTIFICATION OF SERVICE

I hereby certify that, on the date set forth below, the within pleading was directed for

filing to the clerk of the above-captioned court, and that the within pleading was directed for

service by regular mail upon all counsel of record within the time prescribed by the Rules of

the Court or pursuant to a stipulation extending the time for serving an answer. I further

certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

16

ADVOKAT & ROSENBERG, ESQS.
Attorney for Plaintiff

DATED: 11/30/23

JEFFREY M. ADVOKAT, ESQ.

# Exhibit B

ADVOKAT & ROSENBERG, ESQS.
Attorneys At Law
22 North Park Place
Morristown, New Jersey 07960-7102
Jeffrey M. Advokat, Esq.
Attorney ID: 007051981
(973) 993-1923
Attorneys for Plaintiff

| | |
|---|---|
| JADA FITZGERALD, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – ESSEX COUNTY |
| | DOCKET NO: |
| Plaintiff, | : |
| vs. | :     Civil Action |
| | : |
| | : |
| THE HOME DEPOT, | :    **COMPLAINT, DEMAND FOR** |
| JOHN DOES A-Z, | :    **JURY TRIAL & DESIGNATION** |
| | :      **OF TRIAL COUNSEL,** |
| | :      **CERTIFICATION** |
| Defendants. | : |
| | : |

Plaintiff, Jada Fitzgerald, of 51 Demarest Street, Newark, New Jersey, by way of

Complaint against the Defendant(s), states as follows:

### FACTS ALLEGED AS TO ALL COUNTS

1. The Defendant(s), Home Depot in Vaux Hall, New Jersey, as employer, hired the

    Plaintiff, an employee.

2. Soon thereafter, on or about September 10, 2022, the Defendant(s) terminated the

    Plaintiff's employment.

3. The termination of the Plaintiff was wrongful.

4. As a direct and proximate result of said termination, the Plaintiff suffered damages.

5. Specifically, the Defendant(s) subjected the Plaintiff to adverse employment actions,

    and treated the Plaintiff unlawfully.

6. The Defendant(s) owed the Plaintiff a duty that was breached causing damages to the

1

Plaintiff.  Defendant(s) breached its duty towards the Plaintiff.

7.  The Defendant(s) utilized a contract (e.g. a manual for example) that provided certain rights and benefits which were breached causing damages to the Plaintiff. Defendant(s) breached its employee manual and/or contract.

8.  The Defendant(s) failed to act in a good faith and/or dealt unfairly with the Plaintiff. Defendant(s) exercised bad faith against public policy and/or company policy towards the Plaintiff.

<u>COUNT I</u>

**<u>WRONGFUL DISCHARGE IN VIOLATION OF COMPANY POLICY</u>**

9.  Plaintiff repeats each and every previous allegation and incorporates same within this Count.

10. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations.  The process used for Plaintiff' terminations was in violation of her employment rights, in particular, in violation of company policies, including, but not limited to, warnings and improvement opportunities before termination.  The Plaintiff did not receive any verbal or written disciplines.

11. An employer who fires an employee

12. in violation of a pervasive company policy

13. is liable to the employee for lost wages,

14. provided the employee reasonably expected that the policy would be enforced uniformly and fairly.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and other relief as the court deems just and proper.

## COUNT II

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

15. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

16. In addition to other facts, the Plaintiff further alleges that during the period of employment there were points at which the Plaintiff was conflicted with what was ethically correct, as opposed to what was being required by the Defendant(s).  The credibility of the Defendant(s) began to be challenged by customers.  Additional improper and potentially unethical practices that the Plaintiff was expected to utilize included improper handling customers, which ultimately had a negative effect on certain customers and hurt the reputation of the Plaintiff.

17. A private employer who fires an employee

18. in retaliation directly relating to the employee's resistance to or disclosure of the employer's illicit conduct, or based on the employee's exercise of certain established rights

19. in violation of a clear mandate of public policy from such sources as the United States and New Jersey Constitutions, federal and state laws and administrative rules, regulations, and decisions, the common law, specific judicial decisions, and in certain cases professional codes of ethics,

20. such as firing an employee for making or attempting to make a claim for workers' compensation

21. or reporting an employer's violation of an Occupational Heath & Safety Administration (OSHA) regulation, and/or reporting to other authorities,

4

22. is liable to the employee for compensatory and punitive damages,

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT III

### EMPLOYER'S WRONGFUL TERMINATION OF EMPLOYEES

23. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

24. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations.  The process used for Plaintiff's termination was in violation her employment rights, in particular in violation of employment contracts or without just cause, before termination.

25. an employer who fires an employee

26. in violation of an employment contract or without just cause

27. is liable to the employee for damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s)for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

6

## COUNT IV

### BREACH OF DUTY PROXIMATELY CAUSING DAMAGE

28. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

29. In addition to other facts, the Plaintiff was accused numerous times of engaging in activities which undermined the Defendant(s)' authority, Specifically, Plaintiff was accused of interjecting improper comments.  The Plaintiff on a number of occasions had her role/responsibilities suddenly downgraded.

30. Anyone owing another a duty,

31. such as:

   a.  a duty created by statute establishing a certain standard of conduct in order to prevent the foreseen danger, or

   b.  a duty grounded in the natural responsibilities of societal living and human relations recognized by reasonable persons,

32. who breaches that duty

33. is liable to the other for the other's damages,

34. including nominal damages,

35. proximately caused by the wrongdoer's negligence.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

7

## COUNT V

### EMPLOYER BREACH OF EMPLOYEE MANUAL

36. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

37. In addition to other facts, the Plaintiff further alleges that the manner in which the ultimate terminations of the Plaintiff took place was also not within proper requirements and expectations.  The process used for Plaintiff's terminations was in violation of their employment rights, in particular in violation of an employee manual, before termination.

38. An employer of a substantial number of employees

39. who circulates a manual that provides certain benefits incident to employment, e.g., job security provisions,

40. is liable to the employee in damages for breach of contract for violating the terms of the manual, such as lost earnings due to wrongful firing,

41. unless the manual prominently and unmistakably indicates that those provisions shall not be binding or where there is similar proof that the employer intended not to be bound.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT VI

### EMPLOYER'S BAD FAITH AGAINST EMPLOYEE

42. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

43. In addition to other facts, the Defendant(s) wrongfully engaged in the following. Termination severance package was not fair, inappropriate, unreasonable, and based on bad faith. Company expectations and requirements were beyond contractual requirements and unreasonable.

44. An employer,

45. who fails to act in good faith or deals unfairly with an employee,

46. with regard to an implied contract, such as a termination procedure found in an employee manual reasonably understood by the employee to create binding duties and obligations between the employer and employee,

47. is liable to the employee for monetary damages

48. proximately caused by the breach of the implied covenant of good faith and fair dealing.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT VII

### EMPLOYER RETALIATION AGAINST EMPLOYEE

### (CONSCIENTIOUS EMPLOYEE PROTECTION ACT)

49. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

50. One example of Defendant(s)' CEPA violations was as follows.

51. An employer who takes any retaliatory action against an employee who was

52. Harboring a deep-rooted fear that her livelihood would be taken away for speaking out against her employer's activities, policies, or practices, and if such action is taken by the employer

53. Because the employee either:

   a. (i) disclosed or threatened to disclose to a supervisor or public body an activity, policy, or practice of the employer, or another employer with whom there is a business relationship, (ii) objectively reasonably believed to be unlawful, fraudulent or criminal,

   b. Provided information to a public body investigating the employer or another employer with whom there is a business relationship, for possible unlawful conduct, or

   c. (i) objected to any activity, policy or practice which the employee (ii) objectively reasonably believed to be unlawful, fraudulent, criminal, or against a clear mandate of public policy,

   d. Reported violent incidents as a health care worker, or

   e. Refuses to perform a patient handling task due to a reasonable concern about

worker or patient safety as a health care worker.

54. must (a) reinstate the employee and is liable in tort for compensatory damages and attorney's fees, (b) including damages for emotional distress,

55. and punitive damages in the event of actual participation by upper management or willful indifference,

56. but the employer may seek attorney's fees if the claim is without basis in law or fact, and not voluntarily dismissed within a re4aosnable time after exercising reasonable and diligent efforts after filing suit in determining that the employer would not be found liable for damage.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

11

## COUNT VIII

### LAW AGAINST DISCRIMINATION

57. Plaintiff repeats each and every previous allegation and incorporates same within this Count.

58. Subject to an absolute or qualified defamation privilege,

59. any person committing an unlawful discrimination or an unlawful employment practice against (a) another or (b) his or her functional equivalent closely associated with that member of a protected class, or

60. anyone aiding, abetting, inciting, compelling, or coercing the same,

61. in violation of N.J.S.A. 10:5-12.1. et. seq.;

62. is liable for damages,

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper.

## COUNT IX

### PUNITIVE DAMAGES DUE FROM TORTFEASOR

63. Plaintiff repeats each and every previous allegation and incorporate same within this Count.

64. As explained earlier, the Defendant(s) have committed a tort against the Plaintiff which was done maliciously (ie: as retaliation and without just cause) and against public policy and against the law.  The Defendant(s) acts were in complete disregard to the rights of the Plaintiff as outlined previously within this Complaint.

65. Anyone committing a tort against another is liable

66. for reasonable

67. and justifiable punitive damages,

68. provided the harm suffered was the result of the Plaintiff's acts or omissions, and

69. such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions, and

70. compensatory damages have already been awarded

71. but punitive damages shall not be greater than $350,000 or 5 times compensatory damages, except in cases of civil liability for bias crimes, N.J.S.A. 2A:53A-21, et seq., liability for discrimination, N.J.S.A. 10:5-1, et seq., liability for AIDS disclosure, N.J.S.A. 26:5C-5, et seq., liability for sex abuse of a minor, N.J.S.A. 2A:61B-1, liability under the Conscientious Employee Protection Act, N.J.S.A. 34.19-1, et seq., or in cases in which a defendant has been convicted of murder, N.J.S.A. 2C:11-3 manslaughter, N.J.S.A. 2C:11-4, driving while intoxicated ,

N.J.S.A. 39:4-50, refusal to submit to a breathalyzer test, N.J.S.A. 39:40-50.4a, or the equivalent under the laws of any other jurisdiction,

72. and the wrongdoer's employer is vicariously liable for the punitive damages either:

   a. if the employer specifically authorized, participated in, or ratified the wrongful act, or

   b. its employee who committed the wrongful act or authorized or ratified the wrongful act was so high in authority as to be fairly considered executive in character.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) for all damages, including punitive damages, cost of suit, interest, and suit other relief as the court deems just and proper

ADVOKAT & ROSENBERG, ESQS.
Attorneys for Plaintiff

JEFFREY M. ADVOKAT, ESQ.

DATED: 11/30/23

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, you are hereby notified that JEFFREY M. ADVOKAT, ESQ., is assigned to try this case.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(b).

## REQUEST FOR ALLOCATION

If any party settles prior to trial, Plaintiff will seek an allocation of the percentage of negligence by the fact finder against the settling party. Plaintiff will seek this allocation, whether or not they have formally filed a cross-claim against the settling party. Plaintiff shall rely upon the material produced in discovery and the evidence introduced at trial in support of the allegations. You are being apprised of our intent in this regard pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

Furthermore, Plaintiff hereby advise of its intent to seek an allocation of the percentage of negligence by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the alleged incident or claims of injury/damages whether or not such tortfeasors have been joined as parties to this action, and that this shall constitute Plaintiff's "fair and timely" notice of such intention to all parties, pursuant to the  principles set forth in Young v. Latta, 123 N.J. 584 (1991); Bolz v.

Bolz, 400 N.J. Super. 154 (App. Div. 2008; Jones v. Morey's Pier, Inc. 230 N.J. 142 (2017); Krzykalski v. Tindal, 2018 N.J. LEXIS 484, and similar cases interpreting the Comparative Negligence Act N.J.S.A. 2A:15-5.1 et seq. and the Joint Tortfeasor Contribution Law N.J.S.A. 2A:53A1 et seq.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other current action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in facts stated in this original certification.

## CERTIFICATION OF SERVICE

I hereby certify that, on the date set forth below, the within pleading was directed for filing to the clerk of the above-captioned court, and that the within pleading was directed for service by regular mail upon all counsel of record within the time prescribed by the Rules of the Court or pursuant to a stipulation extending the time for serving an answer. I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

16

ADVOKAT & ROSENBERG, ESQS.
Attorney for Plaintiff

DATED: 11/30/23

JEFFREY M. ADVOKAT, ESQ.

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007792-23

**Case Caption:** FITZGERALD JADA  VS THE HOME DEPOT

**Case Initiation Date:** 11/30/2023

**Attorney Name:** JEFFREY M ADVOKAT

**Firm Name:** ADVOKAT & ROSENBERG

**Address:** 22 NORTH PARK PLACE
MORRISTOWN NJ 07960

**Phone:** 9739931923

**Name of Party:** PLAINTIFF : FITZGERALD, JADA

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JADA FITZGERALD? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/30/2023
Dated

/s/ JEFFREY M ADVOKAT
Signed

**ESSEX COUNTY - CIVIL DIVISION**
**SUPERIOR COURT OF NJ**
**465 MARTIN LUTHER KING JR BLVD**
**NEWARK        NJ 07102**

                                    TRACK ASSIGNMENT NOTICE

**COURT TELEPHONE NO. (973) 776-9300**
**COURT HOURS  8:30 AM - 4:30 PM**

                        DATE:   NOVEMBER 30, 2023
                        RE:     FITZGERALD JADA  VS THE HOME DEPOT
                        DOCKET: ESX L -007792 23


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANNETTE SCOCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (973) 776-9300 EXT 56904.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: JEFFREY M. ADVOKAT
                            ADVOKAT & ROSENBERG
                            22 NORTH PARK PLACE
                            MORRISTOWN      NJ 07960


**ECOURTS**

# Exhibit C

EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, New Jersey 07102-5311
Tel: (973) 642-1900
Attorneys for Defendant
Home Depot U.S.A., Inc.

| | |
|---|---|
| JADA FITZGERALD | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION – ESSEX COUNTY |
| | DOCKET NO.: ESX-L-007792-23 |
| *vs.* | |
| | Civil Action |
| THE HOME DEPOT; JOHN DOES A-Z, | |
| | **ACKNOWLEDGMENT OF SERVICE** |
| Defendants. | |

On this 5th day of December, 2023, I hereby acknowledge and accept service of the Complaint, Civil Case Information Statement, and Track Assignment Notice in the above-captioned matter on behalf of defendant Home Depot U.S.A., Inc.

EPSTEIN, BECKER & GREEN, P.C.
Attorneys for Defendant
Home Depot U.S.A., Inc.

DATED: December 5, 2023        By: ___*/s/ Patrick G. Brady*_____
                                                   Patrick G. Brady
                                                   (Attorney ID No. 014771980)

# Exhibit D

Patrick G. Brady (Attorney ID No. 014771980)
**EPSTEIN BECKER & GREEN, P.C.**
One Gateway Center
Newark, New Jersey 07102-5311
Tel: (973) 642-1900
pbrady@ebglaw.com
Attorneys for Defendant

| | |
|---|---|
| JADA FITZGERALD | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: ESSEX COUNTY |
| | DOCKET NO: ESX-L-007792-23 |
| *vs.* | |
| THE HOME DEPOT, JOHN DOES A-Z, | **NOTICE OF FILING OF** |
| | **NOTICE OF REMOVAL** |
| Defendants. | |

TO:    Jeffrey M. Advokat, Esq.
       Advokat & Rosenberg, Esqs.
       22 North Park Place
       Morristown, NJ 07960
       Counsel for Plaintiff

COUNSEL:

       **PLEASE TAKE NOTICE** that Defendant Home Depot U.S.A., Inc. ("Home Depot"),

has, on this date, filed a Notice of Removal, a copy of which is attached hereto and made a part

hereof, in the Office of the Clerk of the United States District Court for the District of New

Jersey, to remove the above-captioned case from the Superior Court of New Jersey, Law

Division, Essex County, to the United States District Court for the District of New Jersey. This

Notice of that filing is given pursuant to the provisions of 28 U.S.C. § 1446(d).


DATED: January 2, 2024              By:  *s/Patrick G. Brady*
                                         Patrick G. Brady (Attorney No. 014771980)